IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT WILSON,
    Plaintiff,

v.                                        Civil No. 3:22cv689 (DJN)

U.S.P.S.,
    Defendant.

**MEMORANDUM OPINION**

Vincent Wilson, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Wilson's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the action will be DISMISSED.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

[1]    The statute provides, in pertinent part that:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court accepts a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952 (explaining that the reviewing court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff"). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). A plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state

all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

In his Complaint, Wilson names the United States Postal Service ("U.S.P.S.") as the sole defendant. (ECF No. 1, at 2.) Wilson alleges that, in March of 2022, he mailed a letter by certified mail to the United Nations, in New York, New York. (*Id.*) The letter was lost and never found. (*Id.*) Wilson believes the U.S.P.S. conspired with an individual at the Arlington County Detention Center to intentionally interfere with his mail. (*Id.* at 3.) Wilson asserts that such actions violated his constitutional rights and amounted to negligence under state law. (*Id.* at 1, 4.)

## III. ANALYSIS

The Court need not engage in an extended discussion of Wilson's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). To the extent that Wilson seeks to bring

3

a *Bivens*[2] claim, he must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)), *aff'd per curiam*, No. 10–6798, 2011 WL 3664279, at *1 (4th Cir. Aug. 22, 2011). The United States Postal Service is a federal agency against which a *Bivens* or 42 U.S.C. § 1983 action cannot be brought. *Heyne v. Reid*, 2020 WL 209620, at *1 (D. Neb. Jan. 14, 2020) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998)); *Stephens v. United States Postal Serv.*, 2018 WL 11257427, at *1 (N.D. Ga. Aug. 14, 2018) ("The United States Postal Service is not a person subject to suit under 42 U.S.C. § 1983 or on a *Bivens* claim."). Wilson's attempt to bring constitutional claims against the U.S.P.S. is frivolous and will be DISMISSED.

Furthermore, Wilson cannot bring negligence or state tort claims against the U.S.P.S., because that entity enjoys absolute sovereign immunity. "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Iowa Tribe Of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992)). "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." *Id.* (citing *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009)). "[T]he Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. United States Postal Service*, 546 U.S. 481, 484 (2006) (citations omitted). The Postal Service has not waived sovereign immunity for mail that is lost or stolen. *Levasseur*

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*v. U.S. Postal Service*, 543 F.3d 23, 24 (1st Cir. 2008). Accordingly, Wilson's attempt to bring state law tort and negligence claims against the U.S.P.S. is frivolous and will be DISMISSED.

### IV. CONCLUSION

Wilson's claims will be DISMISSED as frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wilson.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 13, 2023